2025 IL App (1st) 241355-U

FIRST DIVISION
July 28, 2025

No. 1-24-1355

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Respondent-Appellee, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 09 CR 1474201 |
| DEMOND CHRISTMAS, | ) | |
| | ) | Honorable |
| Petitioner-Appellant. | ) | Brian Flaherty, |
| | ) | Judge Presiding. |
| | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justice Pucinski concurred in the judgment.
Justice Lavin specially concurred in the judgment.

**O R D E R**

¶ 1  *Held*:  The circuit court's second-stage dismissal of the postconviction petition is reversed and the cause is remanded for new second-stage proceedings where the record demonstrates that postconviction counsel rendered unreasonable assistance.

¶ 2  The petitioner, Demond Christmas, appeals from the circuit court's second-stage dismissal of his *pro se* petition for postconviction relief. See 725 ILCS 5/122-1 *et seq.* (West 2018). On appeal, the petitioner solely argues that postconviction counsel provided unreasonable assistance

by failing to amend his *pro se* petition to allege ineffective assistance of appellate counsel in order to overcome the procedural default of two of his claims: (1) that the prosecutor made improper closing arguments; and (2) that the trial judge erred in denying his request for an involuntary manslaughter jury instruction. For the following reasons, we reverse and remand for the appointment of new postconviction counsel and further postconviction proceedings.

¶ 3                                   I. BACKGROUND

¶ 4      The facts of this case are described in detail in our direct appeal. See *People v. Christmas*, 2014 IL App (1st) 123821-U. Briefly summarized, the evidence at the petitioner's trial revealed that on July 19, 2006, after an argument witnessed by the victim's mother, the petitioner locked the victim, Tondelaya Fleming, inside their apartment so that she could not attend a friend's wedding. When the victim's mother threatened to call the police, the petitioner exited the apartment with a black handgun and invited her to do so. The petitioner then returned inside, and the victim's mother heard four gunshots. After the police arrived, and announced their presence, the petitioner fired shots through the door at two officers (John Shefcik and Alan Tomlinson), who had gained access to the apartment building, before eventually turning himself in. The victim was found unresponsive inside the apartment and an autopsy later revealed that she died as result of three gunshot wounds. While there were two weapons found inside the apartment, only one had the petitioner's fingerprints on it.

¶ 5      The petitioner requested but was denied an involuntary manslaughter jury instruction. The jury convicted the petitioner of one count of first-degree murder and two counts of attempt murder of a peace officer. The petitioner was subsequently sentenced to a total of 100 years' imprisonment (*i.e.*, consecutive terms of 60 years for first degree murder and 20 years each for the attempt murder

counts).

¶ 6 On direct appeal, the petitioner argued that: (1) the State failed to prove him guilty of the attempt murder of one of the peace officers (Tomlinson); and (2) that the trial court erred in sentencing him to a consecutive sentence on that conviction. We vacated the petitioner's conviction for attempt murder of Officer Tomlinson, finding that there was no evidence that the petitioner was aware of that officer's presence inside the building such that specific intent could be inferred. *Christmas*, 2014 IL App (1st) 123821-U, ¶¶ 22-29. We affirmed the remaining convictions and sentence. *Id*. ¶29.

¶ 7 On September 25, 2013, the petitioner filed the instant *pro se* postconviction petition. The parties agree that in that 38-page hand-written pleading, among numerous allegations of ineffective assistance of trial and appellate counsels, discovery violations committed by the State, and errors by the trial court in admitting or limiting evidence, the petitioner also separately alleged that the prosecutor made improper comments in closing argument and that the trial court erred in denying his request for an involuntary manslaughter jury instruction.

¶ 8 On December 12, 2014, the circuit court docketed the *pro se* petition and appointed the Office of the Public Defender to represent the petitioner. On January 30, 2015, Assistant Public Defender (APD) Lynn Wilson accepted the appointment. For the next two years, very little of substance transpired in the petitioner's case. On September 8, 2017, another APD, Michelle Kalisiak, informed the court that Wilson had retired and that she had been assigned to the case. The State interjected and indicated that a private attorney, Jodie Garvey, was taking over the petitioner's case but was unavailable that day. Garvey filed her appearance on September 22, 2017, but ultimately withdrew her representation on May 25, 2018.

¶ 9 On June 15, 2018, the circuit court reappointed APD Kalisiak to represent the petitioner in

3

his postconviction proceedings. Two years later, however, on November 20, 2020, yet a third APD, Dennis Brown, informed the court that he was reassigned to the case. On April 9, 2021, postconviction counsel Brown indicated that he had reviewed the record and that he had scheduled a phone conversation with the petitioner for April 23, 2021.

¶ 10      On May 20, 2021, postconviction counsel Brown filed a Rule 651(c) certificate attesting that he had consulted with the petitioner, examined the record, investigated potential witnesses, and concluded that the petition adequately represented the petitioner's claims such that amendments were not necessary.

¶ 11      On August 27, 2021, the State filed a motion to dismiss. Relevant to this appeal, the State argued that the petitioner's claims regarding improper closing arguments and trial errors were "waived" because they were not raised on direct appeal. Postconviction counsel acknowledged receipt of the motion to dismiss and informed the court that he would not be filing a response. Counsel then asked that the case be set for a hearing.

¶ 12      On May 24, 2022, postconviction counsel informed the court that he had, in fact, filed a response to the State's motion to dismiss on January 28, 2022. Because neither the State nor the circuit court had received that response, and there was no indication that it had been filed, postconviction counsel provided everyone with a copy. A copy of that response (although not file-stamped) is part of the record on appeal. In it, postconviction counsel solely responded to the State's argument regarding the merits of one of the petitioner's ineffective assistance of trial counsel claims concerning an alleged discovery violation. The response nowhere addressed the State's waiver argument with respect to the petitioner's claims regarding the prosecutor's improper closing arguments or the trial court's refusal to instruct the jury on involuntary manslaughter. Instead, the response merely asserted that counsel "incorporate[d] [the] petitioner's claims from

his *pro se* petition" "as his response for the remaining arguments addressed by the State's motion to dismiss[.]"

¶ 13    During arguments on the State's motion, postconviction counsel reiterated that he was adopting the arguments in the petitioner's *pro se* petition in response to the State's pleading. He then argued the merits of only one claim, namely that the petitioner's trial counsel had been ineffective for failing to raise a discovery violation in his motion for a new trial.

¶ 14    On November 4, 2022, the circuit court granted the State's motion to dismiss. After dismissing the remainder of the petitioner's claims on the merits, the court found that any claims regarding the prosecutor's improper closing arguments and trial court errors were "waived" because they should have been, but were not, addressed on direct appeal. This appeal follows.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, the petitioner solely contends that he was denied his right to reasonable assistance of postconviction counsel in violation of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we agree.

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage process by which criminal defendants can challenge their convictions based on a substantial denial of federal or state constitutional rights. See *People v. Cotto*, 2016 IL 119006, ¶ 26; *People v. Tate*, 2012 IL 112214, ¶ 8; *People v. Hodges*, 234 Ill. 2d 1, 9 (2009); *People v. Peeples*, 205 Ill. 2d 480, 509 (2002); *People v. Johnson*, 2017 IL 120310, ¶ 14. At the first stage of the proceedings, within the first 90 days, the circuit court must independently review the petition and determine whether the allegations therein, taken as true, demonstrate a constitutional violation or whether they are frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018);

*Cotto*, 2016 IL 119006, ¶ 26; *Tate*, 2012 IL 112214, ¶ 9.

¶ 18     If, as here, the circuit court does not dismiss the petition as frivolous or patently without merit within the first 90 days, the petition automatically advances to the second stage, where it is docketed for additional consideration. 725 ILCS 122-2.1(b) (West 2018); *People v. Brooks*, 221 Ill. 2d 381, 389 (2006). At the second stage, the circuit court will appoint an attorney for the petitioner if he cannot afford one, and the State is entitled to file responsive pleadings. *Id.* §§ 122-2.1(a)(2), (b), 122-4, 122-5; *Cotto*, 2016 IL 119006, ¶ 27; *Tate*, 2012 IL 112214, ¶ 10.

¶ 19     During the second stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. 725 ILCS 5/122-6 (West 2018); *Tate*, 2012 IL 112214, ¶ 10. In doing so, the court must not engage in fact-finding or credibility determinations but must take as true all well-pleaded facts that are not positively rebutted by the original trial record. *People v. Domagala*, 2013 IL 113688, ¶ 35. If the circuit court determines that the petitioner made a substantial showing of a constitutional violation, the petition proceeds to the third stage for an evidentiary hearing. *Id.* ¶ 34. Conversely, where no substantial showing is made, the petition is dismissed. *Id.* ¶ 35.

¶ 20     The right to counsel at the second stage of postconviction proceedings is not guaranteed by either the state or federal constitutions; rather it is " 'a matter of legislative grace.' " *Cotto*, 2016 IL 119006, ¶ 28 (quoting *People v. Hardin*, 217 Ill. 2d 289, 299 (2005)); see also *People v. Addison*, 2023 IL 127119, ¶ 19. Accordingly, a petitioner is entitled only to the level of assistance provided for by the Act. *Cotto*, 2016 IL 119006, ¶ 28. Our supreme court has repeatedly held that under the Act, petitioners are entitled only to a "reasonable" level of assistance. *People v. Williams*, 2025 IL 129718, ¶ 43; *Cotto*, 2016 IL 119006, ¶ 28. This is so because "[c]ounsel is appointed not to protect postconviction petitioners from the prosecutorial forces of the State but to shape their

complaints into the proper legal form and to present those complaints to the court." *Addison*, 2023 IL 127119, ¶ 19; *People v. Agee*, 2023 IL 128413, ¶ 44; *People v. Suarez*, 224 Ill. 2d 37, 46 (2007); *People v. Johnson*, 154 Ill. 2d 227, 237-38.

¶ 21    To ensure that petitioners receive this level of assistance, Illinois Supreme Court Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)) imposes three duties on postconviction counsel. *Cotto*, 2016 IL 119006, ¶ 28; see also *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). The rule requires counsel to: (1) consult with the petitioner to ascertain his contentions of constitutional deprivations; (2) examine the record of the trial proceedings; and (3) make "any amendments to the petition filed *pro se* that are necessary for an adequate representation of [the] petitioner's contentions." See Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); see also *Cotto*, 2016 IL 119006, ¶ 28; *Perkins*, 229 Ill. 2d at 42.

¶ 22    Substantial compliance with the duties set forth in Rule 651(c) is mandatory and may be shown "by the certificate of [the] petitioner's attorney." Ill. S. Ct. R. 651(c) (eff. July 1, 2017); see *Addison*, 2023 IL 127119, ¶ 21; *People v. Lander*, 215 Ill. 2d 577, 584 (2005). Where postconviction counsel files a Rule 651(c) certificate attesting that he complied with these three duties, a rebuttable presumption is created that the petitioner received a reasonable level of assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19; see also *People v. Wise*, 2024 IL App (2d) 191139, ¶ 17 (citing *Addison*, 2023 IL 127119, ¶ 21). The petitioner then bears the burden of showing that counsel did not substantially comply with the strictures of the rule. *Addison*, 2023 IL 127119, ¶ 21. Where the record rebuts the presumption that counsel provided reasonable assistance reversal is required regardless of whether the claims raised in the petition have any merit. *Addison*, 2023 IL 127119, ¶ 33. We review whether postconviction counsel rendered unreasonable assistance *de novo*. *People v. Jean,* 2024 IL App (1st) 220807, ¶ 30; *People v. Mason*, 2016 IL

App (4th) 140517, ¶ 19.

¶ 23    In the present case, the petitioner acknowledges that postconviction counsel filed a Rule 651(c) certificate such that there is a presumption that he substantially complied with the requisites of Rule 651(c). Furthermore, the petitioner does not dispute that postconviction counsel adequately addressed the first two requirements of Rule 651(c). Instead, he solely asserts that counsel failed to satisfy the third requirement by not making amendments to the *pro se* petition that were "necessary for an adequate presentation of [his] contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Specifically, the petitioner contends that counsel rendered unreasonable assistance when he failed to amend his *pro se* petition to argue that appellate counsel was ineffective for failing to raise two claims on direct appeal: (1) that the prosecutor made improper closing arguments and (2) that the trial court erred in denying his request for an involuntary manslaughter instruction. The petitioner argues that this routine amendment was necessary to avoid dismissal of the two claims on the procedural grounds of waiver. For the following reasons, we agree.

¶ 24    Our supreme court has long held that the duty to adequately and properly present the petitioner's substantive claims "necessarily includes attempting to overcome procedural bars *** that will result in dismissal of a petition if not rebutted." *Perkins*, 229 Ill. 2d at 44; see *People v. Turner*, 187 Ill. 2d 406, 414 (1999); *Johnson*, 154 Ill. 2d 227, 243 (1993). Postconviction counsel must meet these procedural requirements to adequately present a constitutional claim under the Act. See *Turner*, 187 Ill. 2d at 414; *Johnson*, 154 Ill. 2d at 246; *Perkins*, 229 Ill. 2d at 44. When a *pro se* petition asserts claims that could have been raised on direct appeal, waiver of the claims can be overcome by characterizing such matters as ineffective assistance of appellate counsel claims. *Addison*, 2023 IL 127119, ¶ 23. Postconviction counsel's "failure to allege ineffective assistance of appellate counsel when necessary to overcome [waiver] [i]s a violation of Rule

8

651(c)" and constitutes unreasonable representation. *Addison*, 2023 IL 127119, ¶¶ 23-24, 26; see also *Turner*, 187 Ill. 2d at 414 (failure of postconviction counsel to "make a routine amendment to the post-conviction petition, which would overcome the procedural bar of waiver" constitutes unreasonable assistance in violation of Rule 651(c)); see also *People v. Janusz*, 2024 IL App (2d) 220348, ¶ 18 ("the failure of postconviction counsel to avoid forfeiture by pleading ineffective assistance of appellate counsel is a specific defect that itself may amount to unreasonable assistance"); *People v. Kluppelberg*, 327 Ill. App. 3d 939, 947 (2002) (same).

¶ 25    In the present case, the record affirmatively shows that the circuit court dismissed the jury instruction and improper closing argument claims in the *pro se* petition because they were not addressed on direct appeal and were therefore "waived." In its motion to dismiss, the State explicitly argued that the failure to do so was reason for dismissal. Postconviction counsel, however, did not address waiver either in his last-minute written response to the motion to dismiss, nor in his arguments during the hearing on that motion. Instead, he merely asserted that he was adopting and incorporating the petitioner's *pro se* arguments as a response. The *pro se* petition, itself, however, nowhere alleged that appellate counsel was ineffective for failing to raise these two specific issues on direct appeal. In dismissing the petition, the circuit court adopted the State's waiver argument and explicitly held that the aforementioned claims were procedurally defaulted because they could have been, but were not, argued on direct appeal. Accordingly, under these facts we are compelled to conclude that the record rebuts the presumption of reasonable assistance created by postconviction counsel's filing of the Rule 651(c) certificate.

¶ 26    The State concedes that amending the petition to assert an ineffective assistance of appellate counsel claim was necessary to avoid waiver of the two issues but, nonetheless, contends that counsel was not required to amend the petition to overcome this procedural bar. The State

hypothesizes that counsel must have believed that these two claims were frivolous and lacked any merit and was therefore not required to amend them in any way. In support, the State cites to *People v. Greer*, 212 Ill. 2d 192, 205 (2004) for the proposition that Rule 651(c)'s requirement that counsel make amendments "necessary for an adequate presentation of the petitioner's claims" does not mean that postconviction counsel is required to advance frivolous or spurious issues.

¶ 27   While the State is correct that *Greer* holds that amendments that would "only further a frivolous or patently nonmeritorious claim *** are not 'necessary' " under Rule 651(c), it further instructs that where postconviction counsel knows that the petitioner's contentions lack merit, he has an ethical duty to not "needlessly consum[e] the time and energies of the court and the State by advancing frivolous arguments," and must, instead, withdraw those claims. *Greer*, 212 Ill. 2d at 207; see also *People v. Huff*, 2024 IL 128492, ¶ 29 ("*Greer* suggests that, if appointed counsel knows that a petitioner's claims were frivolous or patently without merit, then counsel has an ethical duty to withdraw" them); see also *People v. Wise*, 2024 IL App (2d) 191139 ¶ 20.

¶ 28   Consequently, if, as the State suggests, counsel here believed that the jury instruction and improper closing argument claims lacked merit, he was obligated to omit them altogether. See *e.g.*, *Greer*, 212 Ill. 2d at 207; *Huff*, 2024 IL 128492, ¶ 29; *Wise*, 2024 IL App (2d) 191139, ¶ 20. Instead, the record shows, counsel chose to "incorporate" and "adopt" both claims as part of his response to the State's motion to dismiss, without ever addressing why they were not raised on direct appeal. As such, counsel failed to shape these claims into the proper legal form thereby rendering unreasonable assistance. See *Addison*, 2023 IL 127119, ¶ 24 (holding that counsel was unreasonable where he failed to allege ineffective assistance of appellate counsel to avoid procedural default of the claims); *Turner*, 187 Ill. 2d at 413 (holding that postconviction counsel was unreasonable where "[c]ounsel's failure to amend the post-conviction petition to allege

ineffective assistance of appellate counsel prevented the circuit court from considering the merits of petitioner's claims and directly contributed to the dismissal of the petition").

¶ 29    We similarly disagree with the State's position that because neither the improper closing argument nor the jury instruction claims had any merit, we should find that any deficiency in counsel's representation was necessarily harmless and therefore did not rise the level of unreasonable assistance. Our supreme court has been clear that a petitioner need not make a positive showing that counsel's failure to comply with Rule 651(c) caused him prejudice and that, instead, remand is necessary, regardless of whether the claims raised in the *pro se* petition have any merit. *Addison*, 2023 IL 127119, ¶ 35; see also *Suarez*, 224 Ill. 2d 37, 47 (2007) (holding that when postconviction counsel fails to fulfill his duties under Rule 651(c), remand is required "regardless of whether the claims raised in the petition had merit"; explaining that the "purpose" underlying the rule "is not merely formal," but "to ensure that all indigents are provided proper representation when presenting claims of constitutional deprivation" (internal quotation marks omitted)); *Turner*, 187 Ill. 2d at 416-17 (holding that "it is improper to determine the merit of the petitioner's claims" in determining whether counsel shaped those claims into the appropriate legal form). Similarly, "harmless error" will not excuse failure to comply with Rule 651(c) because a reviewing court will not engage in speculation as to whether the circuit court would have dismissed the petition at the second stage had counsel complied with the rule. *Addison*, 2023 IL 127119, ¶ 35 ("harmless error analysis does not apply where compliance with Rule 651(c) is not shown and that such compliance must be shown regardless of whether the claims made in the petition are viable").

¶ 30    Since the record here evinces that counsel's failure to make a routine amendment to the *pro se* petition directly led to the dismissal of the two claims on procedural grounds, the presumption that counsel complied with Rule 651(c) is rebutted and remand for further

proceedings under the Act is necessary.

¶ 31                                    III. CONCLUSION

¶ 32    For these reasons, we reverse the circuit court's dismissal of the *pro se* petition and remand

for the appointment of new postconviction counsel and further proceedings under the Act.

¶ 33    Reversed and remanded with directions.

¶ 34    JUSTICE LAVIN, specially concurring:

¶ 35    I concur in the judgment. However, because I do not believe the matter of counsel's duty

to "withdraw the claims" is accurately framed or properly before this court, I would omit that

discussion. See *supra* ¶¶ 27, 28; *In re V.S.*, 2025 IL 129755, ¶ 55 (noting, reviewing courts will

not decide abstract questions or render advisory opinions). It's sufficient to say, nothing in the

record suggests postconviction counsel knew the underlying claims at issue were frivolous or

patently without merit. See *Huff*, 2024 IL 128492, ¶¶ 29-30. Counsel's failure to make a routine

amendment to overcome a procedural bar of waiver, then, precluded the court from substantively

considering those underlying claims, which is unreasonable. See *Addison*, 2023 IL 127119, ¶ 21.