NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250180-U

NO. 4-25-0180

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 19, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Peoria County |
| NATHAN A. LEUTHOLD, | ) | No. 13CF208 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Harris and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) Because the judgment that defendant challenges in his petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)) was issued in the more recent postconviction proceeding instead of in the underlying criminal case, the two-year period of limitations in section 2-1401(c) (*id.* § 2-1401(c)) does not bar his petition.

        (2) Because the attorney who represented defendant on appeal from the dismissal of his amended postconviction petition was in an inherent conflict of interest from having represented him in the postconviction proceedings below and could not have been expected to raise his own nonfulfillment of the amendment duty (see Ill. S. Ct. R. 651(c) (eff. July 1, 2017)), section 2-1401 entitles defendant to relief from the judgment in the postconviction case and a remand for compliance with Rule 651(c).

¶ 2    Pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)), defendant, Nathan A. Leuthold, petitioned for relief from a judgment by the Peoria County circuit court dismissing his amended petition for postconviction relief. In other words, he

mounted a collateral challenge (the section 2-1401 petition) to the judgment in another collateral proceeding (the postconviction proceeding). The court granted a motion by the State to dismiss the section 2-1401 petition because of the expiration of the two-year statutory period of limitations (see *id.* § 2-1401(c)). Defendant appeals.

¶ 3        This appeal raises purely legal questions, which we review *de novo*. See *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47. First, we hold that the two-year statutory period of limitations (see 735 ILCS 5/2-1401(c) (West 2024)) does not bar the section 2-1401 petition, for, instead of challenging the conviction and sentence in the underlying criminal case, the section 2-1401 petition challenges the judgment in the postconviction proceeding, which was entered on June 7, 2022, less than two years before defendant filed the section 2-1401 petition, on May 22, 2024. Second, we hold that because the attorney who represented defendant on appeal from the dismissal of his amended petition for postconviction relief was in an inherent conflict of interest from having represented defendant in the postconviction proceedings below and could not have been expected to raise his own noncompliance with the amendment duty in Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), section 2-1401 entitles defendant to relief from the judgment in the postconviction proceeding. Therefore, we reverse the circuit court's judgment in the section 2-1401 proceeding, vacate the dismissal of the amended petition in the postconviction proceeding, and remand this case for compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) in the postconviction proceeding.

¶ 4                                    I. BACKGROUND

¶ 5        Defendant is serving a sentence of 80 years' imprisonment for the first degree murder of his wife, Denise Leuthold. After an unsuccessful direct appeal (see *People v. Leuthold*,

2016 IL App (3d) 140720-U), he petitioned for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)).

¶ 6        In his *pro se* petition for postconviction relief, defendant complained that both his trial counsel and the attorney who represented him on direct appeal had rendered ineffective assistance. The circuit court appointed postconviction counsel, who amended the *pro se* petition. The amended petition abandoned most of the claims that counsel had rendered ineffective assistance on direct appeal and, instead, made trial counsel the focus of criticism, accusing him of ineffective assistance.

¶ 7        The State moved to have the circuit court dismiss the amended petition. One of the asserted grounds for dismissal was the procedural forfeiture of claims that the record would have permitted defendant to raise on direct appeal.

¶ 8        The circuit court granted the State's motion for dismissal. The court held that defendant had failed to show prejudice from trial counsel's allegedly substandard performance.

¶ 9        Defendant appealed the dismissal of his amended petition for postconviction relief, and the appellate court affirmed the circuit court's judgment. *People v. Leuthold*, 2023 IL App (4th) 220563-U, ¶ 2. Part of the appellate court's rationale for the affirmance was the procedural forfeiture of four claims of ineffectiveness that the record on direct appeal would have enabled defendant to raise in his direct appeal. *Id.* ¶ 71.

¶ 10       The forfeited claims were as follows. First, on the authority of *Massiah v. United States*, 377 U.S. 201 (1964), trial counsel should have moved for the suppression of People's exhibit No. 93, a document that defendant had written at the request of a jailhouse informant, David Smith, listing the items that defendant had removed from the house after murdering Denise Leuthold. See *Leuthold*, 2023 IL App (4th) 220563-U, ¶¶ 69, 71. Second, trial counsel should have

moved, on the ground of suggestiveness, for the suppression of Diane Parrish's pretrial identification of defendant. See *id.* ¶ 75. Third, trial counsel should have called Diane Parrish's spouse, Robert Parrish, to testify that the pedestrian was African-American. See *id.* ¶ 83. Fourth, trial counsel should have objected to People's exhibit No. 110, a list of the Internet searches that had been performed on defendant's computer, including searches of pornography. See *id.* ¶ 104.

¶ 11       After the appellate court affirmed the dismissal of his amended petition for postconviction relief, defendant filed, in the circuit court, a petition for relief from the judgment the circuit court had issued in the postconviction proceeding, which is to say, relief from the dismissal of the amended postconviction petition. See 735 ILCS 5/2-1401 (West 2024). The theory of the section 2-1401 petition was this: in amending the *pro se* petition, postconviction counsel made the petition worse, and failed to fulfill his amendment duty pursuant to Rule 651(c), by abandoning the *pro se* claims that appellate counsel had rendered ineffective assistance on direct appeal. See *People v. Addison*, 2023 IL 127119, ¶ 24. The amended petition framed the four claims in the preceding paragraph solely as criticisms of trial counsel, without additionally criticizing appellate counsel for failing to raise those claims on direct appeal. Removing the criticism of appellate counsel made those claims vulnerable to procedural forfeiture (or "waiver," as forfeiture is sometimes called (*People v. Hughes*, 2015 IL 117242, ¶ 37)). See *People v. Christmas*, 2025 IL App (1st) 241355-U, ¶ 24 ("When a *pro se* petition asserts claims that could have been raised on direct appeal, waiver of the claims can be overcome by characterizing such matters as ineffective assistance of appellate counsel claims," and " 'failure to allege ineffective assistance of appellate counsel when necessary to overcome [waiver] [i]s a violation of Rule 651(c)' and constitutes unreasonable representation.") (quoting *Addison*, 2023 IL 127119, ¶ 27).

¶ 12       The State moved for a dismissal of the section 2-1401 petition on the ground that it

was filed beyond the two-year period in section 2-1401(c) (735 ILCS 5/2-1401(c) (West 2024)). The circuit court granted the motion. Defendant moved for reconsideration of the dismissal, pointing out that the judgment he challenged in his section 2-1401 petition was not the judgment in the underlying criminal case but, rather, the more recent judgment in the postconviction proceeding. The court denied the motion for reconsideration.

¶ 13        This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15        Section 2-1401(a) of the Code of Civil Procedure provides as follows:

"(a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. Writs of error *coram nobis* and *coram vobis*, bills of review, and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered. Except as provided in the Illinois Parentage Act of 2015 [(750 ILCS 46/101 *et seq.* (West 2024))], there shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief, or the relief obtainable." 735 ILCS 5/2-1401(a) (West 2024).

¶ 16        Thus, section 2-1401(a) begins with this sentence: "Relief from final orders and judgments, after 30 days after the entry thereof, may be had upon petition as provided in this Section." *Id.* Defendant explains, quoting *People v. Shinaul*, 2017 IL 120162, ¶ 10, that a judgment or order of the circuit court " 'is considered final and appealable if it determines the litigation on

the merits such that the only thing remaining is to proceed with execution of judgment.' " The circuit court's dismissal of his amended postconviction petition, he continues, meets that description of a final judgment: it fully determined the postconviction litigation on the merits. Thus, he concludes, the dismissal can be challenged by a section 2-1401 petition. It makes no difference, he adds, that the judgment he challenges, via section 2-1401, was a judgment in another collateral proceeding (a postconviction proceeding), for section 2-1401(a) provides that "[a]ll relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case"—including a collateral case. 735 ILCS 5/2-1401(a) (West 2024). Also, the statute provides that (with a lone exception that is inapplicable) "there shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief, or the relief obtainable." *Id.* Thus, it does not matter whether the judgment that the section 2-1401 petition challenges was entered in an original proceeding or a collateral proceeding: "there shall be no distinction between actions and other proceedings." *Id.* Regardless of the procedural costume of the underlying litigation, relief shall be available.

¶ 17 Although the "relief" to which section 2-1401(a) refers is the "relief heretofore available"—that is to say, available in response to the abolished common-law "[w]rits of error *coram nobis* and *coram vobis*, bills of review, and bills in the nature of bills of review" (*id.*)—"the use of" a section 2-1401 petition "has not been restricted to the narrow confines of its common-law antecedent." *Ellman v. De Ruiter*, 412 Ill. 285, 291 (1952). "Rather, courts have encouraged the development of the statutory equivalent" and have "permitted its use in new situations," "to prevent injustice." *Id.* Defendant complains it was unjust that, in his postconviction case, both at the circuit court and on appeal, he was denied his statutory right to receive a reasonable level of

- 6 -

assistance from counsel. See *People v. Custer*, 2019 IL 123339, ¶ 30 ("The required quantum of assistance [in a postconviction proceeding] has been judicially deemed to be a reasonable level." (Internal quotation marks omitted.)); *People v. Lyles*, 217 Ill. 2d 210, 218 (2005) (referring to "the reasonable level of assistance [citation] that our rules extend to a postconviction petitioner on appeal" (internal quotation marks omitted)).

¶ 18        Defendant contends that, because of his attorney's drafting error in the circuit court and because of a conflict of interest that arose on appeal when the same attorney who represented him in the circuit court represented him in the appellate court, he landed in a predicament like that of the defendant in *People v. Lawton*, 212 Ill. 2d 285 (2004). In *Lawton*, the State brought an action under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 2002)) to have the defendant declared a sexually dangerous person and to have him committed to the Illinois Department of Corrections (Department). *Lawton*, 212 Ill. 2d at 287. Counsel represented the defendant (*id.* at 288), and after hearing evidence, the court granted the State's petition (*id.* at 292). The same attorney who represented the defendant in the circuit court then represented him on direct appeal. *Id.* The only argument the attorney made on direct appeal was that the State had failed to prove the defendant suffered from a mental disorder. *Id.* The appellate court rejected that argument and affirmed the circuit court's judgment. *Id.* Then, pursuant to section 2-1401, the defendant petitioned the circuit court for relief from its judgment declaring him to be a sexually dangerous person and committing him to the Department. *Id.* He was represented by a new lawyer, who claimed that, in the proceedings under the Act, previous counsel rendered ineffective assistance. *Id.* at 293. The ineffectiveness, the new lawyer contended, lay in counsel's failure to challenge the state's attorney's assertions, accepted by the circuit court, that " 'proof beyond a reasonable doubt, or any proof at trial, was not required with respect to the "demonstrated

propensities" element of the State's cause of action.' " *Id.* Agreeing that previous counsel was ineffective for that reason, the circuit court granted the section 2-1401 petition. *Id.* at 294. For two reasons, however, the appellate court reversed the circuit court's judgment in the section 2-1401 proceeding: (1) "proceedings under section 2-1401 [were] not an appropriate forum for a defendant to raise claims regarding competency of counsel" and (2) the claim of ineffective assistance lacked merit, anyway. *Id.*

¶ 19    On appeal from the appellate court, the first question the supreme court considered in *Lawton* was whether the defendant could use section 2-1401 to challenge the competency of the attorney who represented him in the proceedings under the Act. See *id.* at 294-95. On the following reasoning, the supreme court concluded that section 2-1401 could be used for that purpose. See *id.* at 295. Because defendants subject to the Act, like defendants in a criminal case, could be deprived of their liberty, defendants subject to the Act were constitutionally (and statutorily (see 725 ILCS 205/5 (West 2002)) entitled to the same protections as criminal defendants, including the right to be represented by counsel. See *Lawton*, 212 Ill. 2d at 295. Implicit in this right to counsel was the right to receive effective assistance from the counsel. *Id.* The right to effective assistance would have lacked meaning unless a defendant had some means of asserting that right. *Id.* It was true that individuals found to be sexually dangerous had the right to a direct appeal, in which they could complain of having received ineffective assistance in the proceedings below. *Id.* The trouble in *Lawton*, though, was that the same attorney who represented the defendant in the circuit court also represented him on direct appeal. *Id.* at 296. Because attorneys could not be expected to argue their own incompetence, the direct appeal was, for the defendant in *Lawton*, not an opportunity to raise a claim of ineffective assistance. *Id.* Such an opportunity had to be provided: "Some other remedy must therefore be found." *Id.* at 297. The remedy was not to be found in the Post-Conviction

Hearing Act: because that statute applied only to "persons imprisoned pursuant to a criminal conviction," it was inapplicable to the defendant in *Lawton*. *Id.* The applicable statute, then, was section 2-1401, which could be used not only to "correct errors of fact" but also "to challenge judgments claimed to be defective for legal reasons." *Id.* The supreme court held, "Relief should be granted under section 2-1401 when necessary to achieve justice. To accomplish that goal, the statute is to be construed liberally." *Id.* at 298.

¶ 20        Notwithstanding this policy of liberally construing section 2-1401, the supreme court disavowed any intention of making attorney negligence a basis for relief in all civil cases:

> "As a general rule, we must be concerned about the need for finality of judgments. We must also be guarded about when and under what circumstances a party should be permitted to challenge an otherwise valid judgment based on his attorney's negligence. If this were a conventional civil case in which a litigant sought to collaterally attack a judgment on the grounds that his lawyer was negligent, there would be no question that relief would not lie under section 2-1401. But this is not such a case. It is a proceeding under the Sexually Dangerous Persons Act in which the defendant has a constitutional right to effective assistance of counsel." *Id.* at 299-300.

Thus, in the supreme court's analysis, what set the *Lawton* defendant's case apart from conventional civil cases, allowing him to raise ineffective assistance as a ground for relief under section 2-1401, was his constitutional right to receive effective assistance from counsel. Under the supremacy clause of the United States Constitution (U.S. Const., art. VI. cl. 2), a state remedy had to be found for the vindication of that constitutional right; a state could not "shut its doors entirely to federal constitutional claims." *Lawton*, 212 Ill. 2d at 300.

¶ 21    Defendant argues, by analogy, that a remedy should be found for him. He maintains that his right to receive reasonable assistance from postconviction counsel in the drafting of the amended petition (see Ill. S. Ct. R. 651(c) (eff. July 1, 2017)) entitles him to relief under section 2-1401 because (1) he was denied such reasonable assistance in the circuit court and (2) the attorney representing him on appeal from the dismissal of the amended postconviction petition was the same attorney who represented him in the postconviction proceedings below and that attorney, on appeal, could not have been expected to argue his own faulty draftsmanship.

¶ 22    The State counters that whether postconviction counsel fulfilled his obligations under Rule 651(c) is a question of law (see *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13) and, under *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003), defendant's petition pursuant to section 2-1401 must raise " 'errors of fact, not law.' "

¶ 23    In *Pinkonsly*, the defendant was convicted of three drug offenses, for which the circuit court sentenced him to imprisonment. *Id.* at 558. He took a direct appeal, and the appellate court affirmed the circuit court's judgment. *Id.* Afterward, he filed in the circuit court a *pro se* petition pursuant to section 2-1401, in which he claimed that trial counsel had rendered ineffective assistance. *Id.* at 558-59. The circuit court appointed an attorney to represent the defendant in the section 2-1401 proceedings, the attorney amended the petition, and the court dismissed the amended petition. *Id.* at 559. The defendant appealed the dismissal of his amended petition. *Id.* The appellate court appointed a different attorney to represent him, and this new attorney "contended that all of [the defendant's] prior attorneys, including his court-appointed attorney on his section 2-1401 petition, were constitutionally ineffective." *Id.* The appellate court declined to consider these claims that trial counsel and appellate counsel had rendered ineffective assistance, holding that "such claims are not cognizable in a section 2-1401 petition." *Id.*

¶ 24    The supreme court in *Pinkonsly* agreed with the appellate court in that respect. The supreme court noted, "We have long held that section 2-1401 proceedings are not an appropriate forum for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment." *Id.* at 567. A petitioner for relief under section 2-1401 had to allege "errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." (Internal quotation marks omitted.) *Id.* at 566. Ineffective assistance was an error of law, not an error of fact, and section 2-1401 was concerned only with errors of fact. See *id.* at 565. An action under the Post-Conviction Hearing Act, not an action under section 2-1401, was the correct procedural vehicle for a claim of ineffective assistance and other constitutional violations. See *id.* at 566.

¶ 25    In *Lawton*, though, the supreme court made an exception to this fact-law dichotomy if appellate counsel's "inherent conflict of interest" from having represented the defendant in the proceedings below frustrated the procedural vehicle the legislature had provided for raising an appellate claim of ineffective assistance. *Lawton*, 212 Ill. 2d at 296. Granted, in *Lawton*, the defendant's right to effective assistance came from the United States Constitution (see *id.* at 295), whereas, here, defendant's right to reasonable assistance came from section 122-4 of the Post-Conviction Hearing Act (725 ILCS 5/122-4 (West 2024)) and Rule 651(c) (see *People v. Owens*, 139 Ill. 2d 351, 359 (1990)). Nevertheless, even though the sources of the right are different, what matters is that, in his appeal from the dismissal of his amended petition for postconviction relief, defendant had the legal right to receive a reasonable level of assistance from counsel (see *People v. Lyles*, 217 Ill. 2d 210, 218 (2005))—never mind the source of the legal right—and he was denied that legal right because the attorney who represented him on appeal could not have been expected to argue his own noncompliance with the amendment duty in Rule

651(c). See *Lawton*, 212 Ill. 2d at 296.

¶ 26    "Relief should be granted under section 2-1401 when necessary to achieve justice." *Id.* at 298. "Doing justice under the law is this court's highest obligation" (*id.* at 299), and to fulfill that obligation, we should construe this "versatile" statute "liberally" (*id.* at 298-99). It would be unjust if, because of the inherent conflict of interest of his attorney, defendant were denied the opportunity to insist on an amendment that would have easily swept away a procedural obstacle to four of his postconviction claims. See *Christmas*, 2025 IL App (1st) 241355-U, ¶ 24. If he had been represented by a different attorney, he could have insisted on a remand for the making of this amendment regardless of whether the amendment would have had great promise. See *People v. Suarez*, 224 Ill. 2d 37, 51-52 (2007).

¶ 27    Defendant's right to receive reasonable assistance from counsel on appeal from the dismissal of his amended petition for postconviction relief (see *Lyles*, 217 Ill. 2d at 218) would have little meaning if he lacked the means of enforcing that right. Section 2-1401 is the fail-safe, and we agree with defendant's explication and application of that statute.

¶ 28                        III. CONCLUSION

¶ 29    For the reasons stated, we reverse the circuit court's judgment in the section 2-1401 proceeding, vacate the dismissal of the amended petition in the postconviction proceeding, and remand this case for compliance with Rule 651(c) in the postconviction proceeding.

¶ 30    Reversed in part and vacated in part; cause remanded with directions.