2026 IL App (2d) 250067-U
No. 2-25-0067
Order filed March 2, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v. JONATHAN CELIS, Defendant-Appellant.

Appeal from the Circuit Court of Lake County.

Honorable Patricia S. Fix, Judge, Presiding.

No. 18-CF-421

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justices Kennedy and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Counsel's Rule 651(c) certificate was adequate, and the claims raised in defendant's amended postconviction petition were not so lacking as to demonstrate postconviction counsel provided unreasonable assistance.

¶ 2   Defendant Jonathan Celis appeals from the second-stage dismissal of his petition under the Post Conviction Hearing Act (the Act). 725 ILCS 5/122-1 *et seq.* (West 2024). We affirm.

¶ 3   After a jury trial, defendant was found guilty of first-degree murder in the stabbing death of another young man, one Oscar Castaneda. 720 ILCS 5/9-1(b) (West 2018) (knowing/strong probability). The stabbing occurred during a melee in the parking lot in front of the La Canoa restaurant in Waukegan. Over a dozen people were involved in the brawl, which was recorded by security cameras in the area; however, there was no audio. During the scuffle, defendant was struck

and he stumbled around and fell into a white plastic fence in the restaurant's patio area. After he got up, defendant was removed from the fight and surrounded by people who reported they were his "brothers" as well as two acquaintances and defendant's girlfriend. During this momentary lull in the conflict, defendant broke from the group surrounding him and charged at Castaneda, who was retreating. Defendant took hold of Castaneda with one hand and began stabbing Castaneda with the other. After the stabbing, defendant dropped his knife in the parking lot and attempted to leave, but the police quickly arrived and arrested defendant. Defendant sat for a custodial interrogation wherein he acknowledged stabbing Castaneda while Castaneda was moving away from him. Castaneda later succumbed to his wounds and died. Defendant was found guilty of murder, and the trial court sentenced him to 32 years' imprisonment. On direct appeal, we affirmed defendant's conviction and sentence. *People v. Celis*, 2022 IL App (2d) 210074-U. The Illinois Supreme Court denied leave to appeal. *People v. Celis*, No. 129175 (Mar. 29, 2023).

¶ 4       In November of 2023, defendant filed a *pro se* postconviction petition. The petition was not reviewed within 90 days and was docketed for second-stage proceedings. Defendant retained private counsel, attorney Robert A. Stavins, who filed an amended petition, along with a certificate of compliance under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The State filed a motion to dismiss, which the trial court heard and granted.

¶ 5       On appeal, defendant contends that (1) postconviction counsel filed a deficient Rule 651(c) certificate and (2) that counsel provided unreasonable assistance in presenting defendant's post-conviction claims. As we explain, neither contention is persuasive.

¶ 6       During the second stage of postconviction proceedings, "the petitioner bears the burden of making a substantial showing of a constitutional violation." *People v. Domagala*, 2013 IL 113688, ¶ 35. This stage tests the legal sufficiency of the petition's "well-pled allegations of a constitutional

violation, which if proven at an evidentiary hearing, would entitle petitioner to relief." (Emphasis omitted) *Id.* The amended petition is drafted with the assistance of counsel to " 'shape [the defendant's] complaints into the proper legal form and to present those complaints to the court.' " *People v. Wise*, 2024 IL App (2d) 191139, ¶ 15 (quoting *People v. Addison*, 2023 IL 127119, ¶ 19). Counsel must provide the defendant with reasonable assistance and counsel must also certify his or her compliance with Rule 651(c). *Id.* ¶ 16. Rule 651(c) requires that postconviction counsel (1) consult with the petitioner to ascertain his contentions of deprivation of constitutional rights, (2) examine the trial record, and (3) make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [the] petitioner's contentions." Ill. S. Ct. R. 651(c). "[W]hen an attorney files a certificate under Rule 651(c), the attorney is officially representing to the court that the duties listed in the certificate have been fulfilled." *People v. Perkins*, 229 Ill. 2d 34, 50 (2007).

¶ 7     The filing of a certificate should, in every case, be a simple matter. Our experience has unfortunately been otherwise. In this case, for example, counsel's certificate stated that he "amended the defendant's [p]etition *** for an adequate presentation of [d]efendant's contentions." This, according to defendant, was insufficient, for counsel failed to state that he made any amendments that were "*necessary*" to present defendant's claims. Apart from failing to include the word "necessary," defendant also asserts that the certificate was wanting because, although counsel averred that he had consulted with defendant, counsel did not state how, *e.g.*, by mail, by e-mail, over the phone, in person, etc. Instead, defendant asserts, we should not accept counsel's "conclusory statement" of consultation and should require more detail as to the form of communication. We disagree.

¶ 8　　As the State points out, defendant's challenge to the certificate is "one of form over substance." The certificate's minor deficiencies are categorically not critical. Unlike other supreme court rules, Rule 651(c) requires only substantial rather than strict compliance. See *People v. Williams*, 186 Ill. 2d 55, 60 n. 1 (1999). In fact, in many cases, the failure to file a certificate at all can be considered harmless error if "the record demonstrates that counsel adequately fulfilled his duties as post[]conviction counsel." *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). As we have held before, counsel's certificate may even cite the *wrong* rule number, but so long as the certificate conveys what is essential in Rule 651(c)—that counsel (1) consulted with defendant, (2) reviewed the record, and (3) amended the petition—the certificate is acceptable. See, *e.g.*, *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 14. After reviewing the record, we have no doubts that counsel in fact did all that the rule required. The errors defendant points to in the certificate are trivial at best, and his primary contention that the certificate is invalid is a non-starter.

¶ 9　　As an alternative, defendant asserts that postconviction counsel's amendments to the *pro se* petition were so substantively inadequate that he was deprived of the minimal assistance that reasonable assistance requires. We reject this argument as well. All that is required for reasonable assistance under the Act is that counsel "shape the petitioner's claims into the appropriate legal form." *Wise*, 2024 IL App (2d) 191139, ¶ 18. That does not mean that counsel has a duty to make the defendant's claims successful on the merits. In many cases, that simply is not possible. Rather, the claims need only be specific assertions based on facts, which are not "patently insufficient" or "woefully incomplete." *Id*. ¶¶ 18-19.

¶ 10　　While defendant's appellate brief relentlessly scrutinizes counsel's amended petition, none of the claims defendant points to were presented in an obviously inappropriate fashion. The fact that many of the amended claims are rebutted by the record is a strong indicator of reasonable

assistance: it means that the amended claims were sufficiently specific so that they were cognizable and capable of being understood and then assessed. See *id.* This is not to say that *all* of the claims in the amended petition were well stated; they were not. But counsel added information and details to the prior *pro se* claims to make them more viable than they were otherwise.

¶ 11 It further appears that without leave of court, postconviction counsel took it upon himself to "depose" two witnesses to the stabbing, one of whom testified at defendant's trial. We have no comment as "the Act neither authorizes nor prohibits the taking of depositions[,]" except to say that it was improper for counsel to purport to issue subpoenas without the court's permission. *People v. Smith*, 352 Ill. App. 3d 1095, 1106 (2004). The trial court judge admonished both postconviction counsel as well as the prosecutor who failed to object. Furthermore, in dismissing the petition the court indicated that the depositions did not alter the court's conclusion that defendant's amended claim of actual innocence based on self-defense lacked merit. While many of the claims in the amended petitions were meritless, they were not so weak as to rival the situation we were presented with in *Wise* where counsel: added a purported alibi claim without ever stating where defendant was at the time of the crime; added a claim that trial counsel was ineffective for failing to move for a substitution of judge without ever stating the grounds; and added a claim that trial counsel was ineffective for failing to present mitigation evidence at sentencing without ever stating what evidence counsel should have presented. *Wise*, 2024 IL App (2d) 191139, ¶ 19.

¶ 12 In this case, the amended petition attempted to argue (albeit unsuccessfully) that trial counsel should have presented further evidence regarding threats during the brawl, which witnesses may have overheard, but were not captured in the recording. In support, postconviction counsel further asserted that, because the victim, Castaneda, was a member of the Latin Kings street gang, additional testimony that gang members are known to carry weapons might have

resulted in a different verdict. This was also raised as a failure of trial counsel to investigate. There was also a lengthy hearing of arguments based on the amended petition and the State's motion to dismiss. Like the trial court, we find these claims did not make a substantial showing of a constitutional violation, but the amended claims were much clearer than the ones contained in defendant's *pro se* petition. Accordingly, we determine that defendant has not rebutted the presumption of postconviction counsel's reasonable assistance.

¶ 13    We note that defendant does *not* argue in the alternative that the petition made a substantial showing of a constitutional violation; his claim is solely that counsel provided unreasonable assistance in violation of Rule 651(c), which we have rejected. We therefore affirm the judgment of the circuit court of Lake County.

¶ 14    Affirmed.