2026 IL App (2d) 250273-U
No. 2-25-0273
Order filed May 29, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

DION J. GORDON, Defendant-Appellant.

Appeal from the Circuit Court of Lake County.
Honorable George D. Strickland, Judge, Presiding.

No. 02-CF-2372

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because this appeal presents no issue of arguable merit, we grant appellate counsel's motion to withdraw, and we affirm the trial court's judgment denying defendant leave to file a successive postconviction petition.

¶ 2    Defendant, Dion J. Gordon, appeals the trial court's order denying him leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant but now moves to withdraw. We agree with appellate counsel that this appeal presents no issue of arguable merit. Therefore, we grant the motion to withdraw, and we affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     In April 2004, defendant entered a fully negotiated plea of guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West 2002)) and second degree murder (*id.* § 9-2(a)). He was sentenced to consecutive prison terms of 45 years for first degree murder and 12 years for second degree murder. When defendant committed the offenses, he was 16 years old.

¶ 5     Defendant did not appeal directly. In April 2007, he filed a *pro se* petition under the Post-Conviction Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)), alleging that plea counsel had rendered ineffective assistance and that the trial court had not properly admonished him. The trial court summarily dismissed the petition. We affirmed the dismissal. *People v. Gordon*, No. 2-07-0784 (2009) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6     In January 2020, defendant filed a *pro se* motion for leave to file a successive petition for relief under section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2018)). Defendant submitted a proposed petition along with the motion. Defendant contended that his sentence was unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012), which was decided after he pleaded guilty. Specifically, he claimed that the trial court violated the eighth amendment (U.S. Const., amend. VIII), as construed in *Miller*, by imposing a *de facto* life sentence of 57 years upon defendant without considering his youth and its attendant circumstances.

¶ 7     At a hearing on July 21, 2020, the trial court orally granted defendant leave to file the successive petition. The court thereby purported to advance the proceedings to the second stage of review under the Act. See *People v. Wilson*, 2025 IL App (1st) 230027, ¶ 30 ("If leave to file is granted, the petition is docketed for second-stage proceedings, at which point the petitioner is appointed counsel and must make a substantial showing of a constitutional violation warranting an evidentiary hearing."); 725 ILCS 5/122-2.1 (West 2018). However, the court did not

specifically find that defendant satisfied section 122-1(f)'s cause-and-prejudice test, which is a prerequisite for filing a successive petition. See 725 ILCS 5/122-1(f) (West 2018). The court remarked that it would appoint counsel for defendant. That day, the court entered a written order appointing counsel for defendant. However, the court did not enter a written order granting leave to file.

¶ 8 On June 7, 2021, appointed counsel filed an amended successive petition, which reasserted the eighth amendment *Miller* claim and added a claim that defendant's sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Appointed counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 9 In late 2021 or early 2022, the case was assigned to a different judge. On April 13, 2022, the State moved to dismiss the amended successive petition. In the background section of its motion, the State noted that the record did not contain a written order granting leave to file. In its argument, the State contended that defendant's constitutional challenges to his sentence were barred by *People v. Jones*, 2021 IL 126432, ¶¶ 20-26, where the supreme court held that the defendant's fully negotiated guilty plea barred his postconviction *Miller* claim, even though *Miller* was not decided until after his plea.

¶ 10 Defendant retained new counsel and, on March 20, 2025, filed a response to the motion to dismiss. On May 23, 2025, the State filed a supplemental motion to dismiss, again relying on *Jones*. On May 27, 2025, the trial court held a hearing on the State's motion to dismiss. The court noted that the record contained no written order granting defendant leave to file or any findings on the cause-and-prejudice issue. Therefore, the court declined to rule on the State's motion to

dismiss. Retained counsel did not challenge the court's abstention but asked how to proceed. The court answered:

"Well, I think what has to happen is I think you have to file the motion or an amended motion, if you wish, for post-conviction, and then you need to file the requisite attorney certificate that you have reviewed the record, spoken to your client, you know, that certificate which has to be filed—which has to be filed in this case also.

Now, as far as timing on that, I would not expect you to have to change. There's already been detailed filings as to what the issues are and arguments as to what the cases say, and so, I mean, you can certainly incorporate by reference, but I think that my finding has to be based on the statute regarding successive post-conviction petitions. Without that finding, I think the appellate court could say the [c]ourt was without jurisdiction to rule on the second stage."

Thus, if retained counsel wished to file a successive postconviction petition, he would need to file a motion for leave to file, though counsel could simply incorporate appointed counsel's proposed successive petition. Retained counsel would also need to file a Rule 651(c) certificate with the motion for leave to file.

¶ 11     On June 23, 2025, defendant, by retained counsel, filed (1) a motion for leave to file the January 2020 successive petition submitted *pro se* by defendant and the June 2021 successive petition submitted by appointed counsel, (2) a "supplement" to the January 2020 and June 2021 petitions, and (3) a Rule 651(c) certificate. Defendant incorporated by reference both petitions. Defendant added no new arguments.

¶ 12     On July 1, 2025, the trial court held a hearing on defendant's motion for leave to file. Retained counsel argued that, unlike in *Jones*, *Miller*'s protections applied in this case because

*Miller* dictates that "juvenile offenders may not receive mandatory sentences of life without parole" (*Jones*, 2021 IL 126432, ¶ 17). Here, retained counsel explained, the trial court lacked discretion under the sentencing statute to impose less than a 45-year prison term for first degree murder.

¶ 13    The trial court agreed with the State that, even though defendant had cause for failing to bring his eighth amendment *Miller* claim in his original petition, there was no prejudice because, under *Jones*, both of defendant's sentencing challenges were barred by his fully negotiated guilty plea. Therefore, because defendant failed to meet the cause-and-prejudice test (see 725 ILCS 5/122-1(f) (West 2018)), the court denied leave to file. Defendant timely appealed. As noted, OSAD was appointed to represent defendant.

¶ 14                                    II. ANALYSIS

¶ 15    Per *Pennsylvania v Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), the appellate defender has moved to withdraw as counsel. In her motion, counsel states that she has read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. We advised defendant that he had 30 days to respond. Defendant filed a response.

¶ 16    In her memorandum of law, appellate counsel suggests three potential issues: (1) whether the trial court erred in denying leave to file the amended successive postconviction petition prepared by appointed postconviction counsel and later adopted by retained postconviction counsel; (2) whether appointed counsel and retained counsel provided reasonable assistance under Rule 651(c); and (3) whether the State improperly provided input into the trial court's decision

whether to grant leave to file the amended successive petition. Appellate counsel concludes that none of these issues has arguable merit. We agree.

¶ 17 As to the first potential issue, appellate counsel asserts that the trial court was correct on May 27, 2025, to conclude that the prior trial judge's oral grant of leave to file was ineffective because the judge failed to expressly determine whether the amended successive petition met the cause-and-prejudice test under section 122-1(f) of the Act. See *People v. Ford*, 2022 IL App (1st) 211538, ¶¶ 4-5. Therefore, according to appellate counsel, the trial court was correct to decide anew whether the cause-and-prejudice test for filing a successive petition was met. See *id.* Appellate counsel further contends that the court was correct on the substantive merits of the cause-and-prejudice issue. Appellate counsel alternatively argues that, if the oral grant of leave to file was effective such that the trial court's proceeding was in fact a second-stage review under the Act (see *Wilson*, 2025 IL App (1st) 230027, ¶ 30), the court was correct in dismissing the petition.

¶ 18 Under section 122-1(f) of the Act, a defendant who wishes to file a successive postconviction petition must show (1) cause for his failure to raise the issue in his original petition and (2) prejudice resulting from the omission. 725 ILCS 5/122-1(f) (West 2018). "If leave to file is granted, the petition is docketed for second-stage proceedings, at which point the petitioner is appointed counsel and must make a substantial showing of a constitutional violation warranting an evidentiary hearing." *Wilson*, 2025 IL App (1st) 230027, ¶ 30. To survive a motion to dismiss at the second stage, a petition must make a substantial showing of the deprivation of a constitutional right. *People v. Domagala*, 2013 IL 113688, ¶ 35. Appellate counsel contends that, based on *Jones*, it would be frivolous to argue that defendant satisfied either test.

¶ 19 In *Jones*, the defendant entered a fully negotiated guilty plea to three offenses that he committed when he was 16 years old. *Jones*, 2021 IL 126432, ¶¶ 3-4. He was sentenced to

concurrent prison terms of 50 years for first degree murder, 30 years for each of two counts of armed robbery, and 15 years for residential burglary. *Id.* ¶ 4. He did not move to withdraw the plea and did not appeal. *Id.* ¶ 6. He filed a postconviction petition, the denial of which was affirmed on appeal. *Id.* Thereafter, he moved for leave to file a successive petition claiming an eighth amendment violation under *Miller*, which was decided after his guilty plea. *Id.* ¶ 7. The trial court denied leave to file, and the supreme court affirmed. *Id.* ¶¶ 7, 31. As pertinent here, the court held that, by entering a knowing and voluntary guilty plea, the defendant waived any non-jurisdictional errors, including constitutional ones (and he did not claim that the trial court lacked jurisdiction to accept the plea). *Id.* ¶ 20. The court explained that an otherwise valid plea " '*does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.*' " (Emphasis in original.) *Id.* ¶ 23 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)); see also *Dingle v. Stevenson*, 840 F.3d 171, 175 (4th Cir. 2016). Thus, the defendant's "knowing and voluntary guilty plea waived any constitutional challenge based on subsequent changes in the applicable law." *Jones*, 2021 IL 126432, ¶ 26.

¶ 20 The *Jones* court alternatively concluded that *Miller* did not apply to the defendant's sentence. *Id.* ¶¶ 27-28. The court explained that *Miller* "appl[ies] only when a trial court lacks, or refuses to use, discretion in sentencing a juvenile offender to a life, or *de facto* life, sentence." *Id.* ¶ 28. The court held that the trial court exercised its discretion when it accepted the plea with the proposed sentencing terms. *Id.* ¶ 27-28.

¶ 21 *Jones* squarely applies here. As in *Jones*, defendant entered a fully negotiated guilty plea. His motion for leave to file and his amended successive petition did not claim that his plea was not knowing or voluntary or that the trial court lacked jurisdiction to accept it. Therefore, under *Jones*, defendant has waived his constitutional sentencing challenges. See *id.* ¶ 26. Moreover,

*Miller*'s protections do not apply to defendant's sentences because the trial court exercised discretion in accepting the plea agreement with specific sentencing terms. See *id.* ¶¶ 27-28. Thus, regardless of whether defendant has shown cause for neglecting to raise his constitutional sentencing claims in his initial postconviction petition, he cannot, for purposes of section 122-1(f) of the Act, show prejudice from the omission. See 725 ILCS 5/122-1(f) (West 2018) (a defendant "shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process"). Likewise, defendant's amended successive petition fails to make a substantial showing of a constitutional violation. Therefore, the first potential issue is frivolous.

¶ 22    On the second potential issue, appellate counsel notes that a postconviction petitioner is entitled to the reasonable assistance of counsel. *People v. Huff*, 2024 IL 128492, ¶ 21. "To ensure that postconviction petitioners receive reasonable assistance, Rule 651(c) delineates specific duties that postconviction counsel must undertake in postconviction proceedings." *Id.* ¶ 22. Rule 651(c) states in pertinent part:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 23    We agree with appellate counsel that appointed counsel's certificate conformed with the foregoing requirements. Because appointed counsel complied with the rule, a rebuttal presumption arose that appointed counsel provided reasonable assistance by "ascertain[ing] the basis of

[defendant's] complaints, shap[ing] those complaints into appropriate legal form, and present[ing] them to the court." *People v. Lesley*, 2018 IL 122100, ¶ 33. Reasonable assistance, however, is no guarantee that a defendant's claims, even as appropriately shaped, will succeed. *People v. Celis*, 2026 IL App (2d) 250067-U, ¶ 9. Nothing in the record rebuts the presumption that appointed counsel provided reasonable assistance.

¶ 24 As for retained counsel, appellate counsel concedes that his Rule 651(c) certificate was facially deficient because it specified that he reviewed "the common law record" but did not mention the reports of proceedings. But, under *People v. Smith*, 2022 IL 126940, ¶ 38, as appellate counsel points out, retained counsel "was not required to independently demonstrate compliance with Rule 651(c)." This is because retained counsel did not undertake representation on defendant's original, *pro se* petition; rather, appointed counsel "had already undertaken the Rule 651(c) requirements and thus ascertained whether any amendments were necessary to shape [defendant's] complaints into the proper legal form." *Id.* ¶ 32. Clearly, retained counsel was required to provide reasonable assistance, but Rule 651(c) is not "the exclusive mechanism for ensuring reasonable assistance." *Id.* ¶ 25; see also *People v. Richmond*, 188 Ill. 2d 376, 380 (1999) ("Counsel may file a certificate to show that the requirements of [Rule 651(c)] were complied with, or the record as a whole may demonstrate that the lawyer complied with those provisions."). As appellate counsel notes, retained counsel provided reasonable assistance in his limited role: because appointed counsel's motion for leave to file was not properly ruled on, retained counsel filed a new motion and adopted appointed counsel's amended postconviction petition so that defendant could properly seek further postconviction proceedings. Therefore, we agree that the second potential issue is frivolous.

¶ 25    As to the third potential issue, appellate counsel observes that, after the prior trial judge orally granted leave to file, the State filed a motion to dismiss (which it later supplemented), even while acknowledging that the record contained no written order granting leave to file. Appellate counsel suggests that "the State's input in the proceedings was arguably improper if the cause was still in the leave to file stage." See *People v. Lusby*, 2020 IL 124046, ¶ 29 (the State is not allowed to participate at the leave-to-file stage of successive postconviction proceedings). However, counsel also notes that, in the interest of judicial economy, a reviewing court may nonetheless decide the cause-and-prejudice issue on the merits. See *id.* ¶ 29 n.1; *People v. Conway*, 2019 IL App (2d) 170196, ¶ 23. Appellate counsel concludes that because the constitutional sentencing challenges raised by the amended successive petition clearly fail the cause-and-prejudice test, any argument that the State improperly participated in the section 122-1(f) decision would be frivolous. We agree.

¶ 26    In his response to appellate counsel's motion to withdraw, defendant contends first that retained counsel performed unreasonably by failing to challenge the trial court's finding that the prior trial judge did not properly grant leave to file. Defendant cannot show prejudice from the inaction, because, as we have held, the amended successive petition lacked arguable merit anyway.

¶ 27    Defendant next contends that retained counsel performed unreasonably by failing to further amend the successive petition to address "whether [defendant's] claims could be distinguished from *Jones* to establish cause and prejudice." At the hearing on defendant's motion for leave to file, retained counsel did argue that *Jones* is distinguishable, and the trial court considered counsel's arguments. In any event, no prejudice resulted, because, as we have held, *Jones* simply *cannot* be distinguished.

¶ 28    Defendant contends next that retained counsel performed unreasonably by failing to add claims that, in various respects, the proceedings in the underlying case violated his rights. This argument is meritless for two reasons. First, these claims either were raised or could have been raised in defendant's initial postconviction petition. Therefore, they would have been barred by *res judicata*. See *People v. Guerrero*, 2012 IL 112020, ¶ 17. Second, reasonable assistance does not require postconviction counsel to raise claims that defendant missed. "Post-conviction counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993); see also *People v. Vasquez*, 356 Ill. App. 3d 420, 424-25 (2005).

¶ 29    Finally, defendant argues that the State improperly provided input at the leave-to-file stage of the proceeding. Defendant notes *Lusby*'s holding that, in cases of improper State input at the leave-to-file stage, a reviewing court may decide the leave-to-file issue instead of remanding for the trial court to do so. See *Lusby*, 2020 IL 124046, ¶ 29 n.1. Defendant contends that *Lusby* does not *require* the reviewing court "to always conduct an independent cause-and-prejudice analysis." But obviously, the reviewing court may *choose* to do so if it is appropriate. See *Conway*, 2019 IL App (2d) 170196, ¶ 23. Here, a remand would be pointless, because, as we have held, the constitutional sentencing challenges raised in the amended successive petition are clearly meritless.

¶ 30                                  III. CONCLUSION

¶ 31    After examining the record, the motion to withdraw, the memorandum of law, and the response, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Lake County.

¶ 32    Affirmed.